IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TINA CLAWSON and PATRICIA NEIS,

    Plaintiffs,

vs.                                                                No. CIV 99-379 MV/RLP

SOUTHWEST CARDIOLOGY ASSOCIATES, P.A.,
a corporation, and WILLIAM BENGE, M.D., an individual,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant's Motion to Vacate and Set Aside Default Judgment, filed April 27, 1999 **[Doc. No. 13],** Plaintiffs' Motion for Remand **[Doc. No. 17],** and Plaintiffs' Motion to Set a Hearing on Damages **[Doc. No. 7]**. The Court, having considered the Motion to Vacate and Set Aside Default Judgment, response, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be **DENIED**.

### BACKGROUND

Plaintiffs filed their complaint for retaliatory discharge, breach of contract, breach of covenant of good faith and fair dealing, negligent supervision and retention, prima facie tort and intentional interference with business relations in the Second Judicial District Court and personally served summons on Defendants on March 23, 1999. Defense counsel entered appearances for the record on April 2, 1999, and removed the case to this Court the same day. On April 21, 1999, Plaintiffs

sought and obtained Clerk's Entry of Default against Defendants for "failure to plead or otherwise defend" and moved for an Entry of Default Judgment. Defendants received notice of Entry of Default on April 22, 1999, and filed their answer and counterclaim on April 26, 1999. On April 27. 1999, this Court issued a Default Judgment Order against Defendants who immediately filed a motion to vacate and set aside the Judgment of Default.

Defendant Dr. Benge, who is listed as the authorized agent for process of service for the corporation, was served summons against him as an individual and against the corporation, at his home on the evening of March 23, 1999. He provided a copy of the Complaint to Peter Roncos, Chief Executive Officer of Southwest Cardiology Associates (SWCA). Dr. Benge is not an officer of the corporation and claims he did not indicate to Mr. Roncos that he had been served also on behalf of the corporation. Mr. Roncos claims that he was under the misunderstanding that he, as the CEO of the corporation, was the agent for service. Mr. Roncos further claims that it was based on this misunderstanding that he informed defense counsel that SWCA had not yet been served.

## STANDARD OF REVIEW

Defendants bring their motion to vacate pursuant to Fed. R. Civ.P. 55(c) which states that "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default resulted from culpable conduct by defendant, (2) whether plaintiff would be prejudiced if the default were set aside, and (3) whether defendant has presented a meritorious defense. *See Hunt v. Ford Motor Co.,* 1995 WL 523646, *3 (10th Cir. 1995). "These factors are not "talismanic"

and the court may consider other factors." *In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992). Further, "the court need not consider all the factors." *Fink v. Swisshelm,* 182 F.R.D. 630 (D. Kan. 1998).

District Courts have wide latitude in denying motions under Rule 60(b). Rule 60(b) provides only that a Court may relieve a party from a final judgment. The decision as to whether relief should be granted is committed to the sound discretion of the Court. *See Pelican Production Corp. v. Mariano*, 893 F.2d 1143,1145-1146 (10th Cir. 1990) Rule 60(b) gives the Court a "grand reservoir of equitable power to do justice in a particular case." *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996)(quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975)(en banc)).

## ANALYSIS

Defendants believe they have shown good cause for not filing a timely Answer to Plaintiffs' Complaint. Defendants also maintain that such good cause warrants setting aside the Judgment of Default in this case. These beliefs arise out of several claims. First, Defendants claim that SWCA's failure to timely answer resulted from its mistaken understanding that it had not yet been served. Second, Defendants claim that Dr. Benge is not a proper Defendant in this suit and as such, his failure to file a motion to dismiss and/or otherwise plead responsively within the time period prescribed by Fed. R. Civ. P. 81(c) is not sufficient to form the basis for default judgment. Third, Defendants claim that fundamental fairness requires that default be vacated. Fourth, Defendants claim that they were not afforded due process prior to the Court's Entry of Default Judgment. Finally, Defendants insist that this case is not one which meets the federal standard for conduct warranting default judgment.

**I. Defendants' Failure to Timely Answer**

Defendants' first and second claims may be disposed of at once. The Court is unpersuaded by Defendants' claim that their failure to timely answer resulted from its mistaken belief that it had not yet been served. Service may be made on a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, *or to any other agent authorized by appointment or by law to receive service of process*." Fed. R. Civ. P. 4(h)(4)(emphasis added). Defendant Benge is the registered agent for process of service for Defendant Southwest Cardiology Associates (SWCA). Plaintiffs personally served *two copies* of the complaint and summons on Defendant Benge. The next day, Defendant Benge provided to SWCA's CEO, Peter Ronkos, a copy of the complaint but claims he did not indicate to Mr. Ronkos he had also been served on behalf of the corporation and so SWCA was unaware of any action against them. Defendants' argument is disingenuous. One summons clearly reads, "William Benge, M.D. (as agent for SWCA)" and the other clearly reads, "William Benge, M.D. (Personal Capacity)." Even if Dr. Benge and Mr. Ronkos did not understand the significance of these captions, counsel for Defendants must have. Defendants knew they had been served. Their own erroneous belief that service was improper is insufficient to merit relief in this case.

Defendants' second claim is that Dr. Benge is an improper defendant in this case, that no relief can be obtained from him individually, that the claim against him is facially invalid, and that jurisdiction over the claim against Dr. Benge can only exist as a pendent state claim. Even assuming *arguendo* that these assertions are correct, if Defendants believed in good faith that a procedural defect existed, they should have utilized Fed. R. Civ. P. 12 as a guide to remedying any errors. Whatever the defect, the appropriate response is not to ignore the notice but to answer, request an extension, or file a motion to dismiss. No such documents were filed. Consequently, the Court finds

Defendants' second claim wily at best.

In this case Defendants were properly served, had actual notice of the complaint, were represented by legal counsel, entered an appearance, invoked the rules of the federal courts through removal, and then failed to timely answer. As such, the Court finds that Defendants were well aware of the pending action against them and rejects their claim to the contrary.

**II. Due Process**

Defendants contend that they were given only one days' notice rather than the requisite three days' notice prior to entry of default against them and as such, were not afforded due process in accordance with Fed. R. Civ. P. 55(b)(2). Defendants' contention fails for the following reasons.

First, Defendants' own documents contradict their claim. While Defendants claim they had "no notice whatsoever," their brief in support of their Motion to Vacate and Set Aside Default admits they received copies of the entry of default from the Clerk of the Court on April 22, 1999. Entry of default is merely a prerequisite to entry of default judgment. *See U.S. v. Dimucci*, 879 F.2d 1488,1490 (7th Cir. 1989). Therefore, Defendants should have known a default judgment was imminent. Second, Plaintiffs' Certificate of Service attached to their Motion for Entry of Default Judgment shows that a copy of the motion was mailed to Defendants in Albuquerque from Albuquerque on April 21, 1999. As such, Defendants should have received the motion within a day or two.

Finally, Defendants' telephone calls to the Clerk of the Court during the days between April 21 and April 26, 1999, requesting that the Clerk pull the Default Judgment Order before signing shows that Defendants were well aware a default judgment was looming and even attempted, improperly, to intercept its execution.

Defendants' claim that they were unaware a default against them was being sought by Plaintiffs is simply another attempt to evade accountability for their inaction. They had at least three days' notice of entry of default and did not endeavor to show good cause for their delay until April 27, 1999.

Even if Defendants could manage to convince the Court they had not received sufficient notice, they must remember that such notice requirements exist to allow Defendants' the opportunity to show good cause for their failure to timely answer. Here, they have indeed been allowed to present their case for Rule 55(c) and 60(b) relief from judgment in this case. The Court has in fact, considered Defendants' Motion to Vacate and Set Aside Default. Accordingly, the Court finds that Defendants' due process rights have not been violated.

### III. Fundamental Fairness

Defendants' third and fifth claims may also be examined together. Rule 60(b) provides that "on motion and upon such terms as are just, the court may relieve a party...from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect..." Fed. R. Civ. P. 60(b)(1). The Court recognizes that the preferred disposition of any case is upon its merits and not by default judgment. *Meeker v. Rizley,* 324 F.2d 269, 271-272 (10th Cir. 1963). Still, the Court has substantial discretion to grant or deny relief as justice requires under Rule 60(b). *See Pelican*, 893 F.2d at 1146. Such relief "is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir.1990).

The Court "must hold parties and their attorneys to a reasonably high standard of diligence in observing the court's rules of procedure." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.

1970). "The threat of judgment by default serves as an incentive to meet this standard." *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1445 (10th Cir. 1983). Courts have repeatedly held that carelessness by litigants or their counsel is inconsistent with the grounds for relief under Rule 60(b)(1). *See, e.g., Pelican,* 893 F.2d at 1146; *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 357 (5th Cir.1993); *Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.,* 925 F.2d 226, 229-30 (7th Cir. 1991); *Lomas and Nettleton Co. v. Wiseley,* 884 F.2d 965, 967 (7th Cir.1989). Moreover, even where the blame lies with the attorney, the denial of 60(b) relief is not too harsh a result for a party, who freely selected the attorney as their agent. *See Link v. Wabash R.R.,* 370 U.S. 626, 633-34 (1962); *Bud Brooks Trucking,* 909 F.2d at 1439 n. 2.

In this case, Defendants have failed to establish any of the necessary grounds for relief from the judgment under Rule 60(b)(1). The Court need not consider the merits of SWCA's defense because it finds that Defendants failed to show mistake, inadvertence, or excusable neglect. *See Otoe County National Bank v. W&P Trucking, Inc.,* 754 F.2d 881, 884 (10th Cir. 1985). Defendants' failure to timely file an answer was not the result of mistake, inadvertence or excusable neglect as discussed above. In fact, Defendants' failure to timely respond to notice of default and their denial of any knowledge of the impending default after communications with the Clerk of the Court demonstrates such knowledge and constitutes willful and deliberate conduct which by its very nature, precludes a finding of excusable neglect.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motions to Vacate and Set Aside Default Judgment **[Doc. No. 13]** is hereby **DENIED**. It is further ordered Plaintiffs' Motion for Remand

**[Doc. No. 17]** is hereby **DENIED** as moot. Finally, Plaintiffs' Motion to Set a Hearing on Damages **[Doc. No. 7]** is hereby **GRANTED**. The Court will issue a minute order setting a date for said hearing.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Christopher Moody
    Whitney Warner

Attorney for Defendants:
    Eleanor K. Bratton
    Michael L. Carrico